1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CONNELLY, MARY ALICIA SIKES, and KEITH MERRITT on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HILTON GRANT VACATIONS COMPANY, LLC, <br><br> Defendant. | CASE NO. 12CV599 JLS (KSC) <br><br> **ORDER DENYING MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** <br><br> (ECF No. 6) |

Presently before the Court is Defendant Hilton Grand Vacations Company, LLC's ("Hilton") Motion to Dismiss Plaintiffs' Complaint, or, in the Alternative for Summary Judgment. (MTD, ECF No. 6)  Also before the Court is Plaintiffs Brian Connelly ("Connelly"), Mary Alicia Sikes ("Sikes"), and Keith Merritt's ("Merritt," and collectively "Plaintiffs") opposition, (Resp. in Opp'n, ECF No. 11), and Hilton's reply, (Reply in Supp., ECF No. 13).  The hearing set for the motion on June 7, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** Hilton's motion.

## BACKGROUND

Plaintiffs filed their class action complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), on March 9, 2012.  Plaintiffs assert that Hilton "negligently and/or willfully plac[ed] calls to Plaintiffs on their cellular telephones without their prior express consent and not for emergency purposes" in violation of the TCPA.  (Compl. ¶ 1,

1  ECF No. 1)  Plaintiffs further allege that in placing these calls, Hilton "used an 'automatic

2  telephone dialing' [system] as prohibited by 47 U.S.C. § 227(b)(1)(A)."  (*Id.* ¶ 12)  This is

3  allegedly evidenced by the fact that "[t]he calls had a delay prior to a live person speaking to

4  Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the

5  phone) . . . ."  (*Id.*)

6      Plaintiffs bring this action on behalf of themselves and all others similarly situated,

7  defining the class as follows:

8      All persons within the United States to whom Hilton Grand Vacations has placed
   a call to said persons' cellular telephone (without their prior express consent and
9      not for emergency purposes) through the use of an automatic telephone dialing
   system, within the four years prior to the filing of this Complaint.

10  (*Id.* ¶ 17)  They assert the number of individuals in the class could be "in the tens of thousands, if

11  not substantially higher," (*id.* ¶ 19), supporting this assertion by reference to several Internet

12  discussions from potential class members, (*see id.* ¶ 20).  Plaintiffs seek on behalf of themselves

13  and the class statutory damages of $500 for each negligent violation and $1500 for each knowing

14  or willful violation of the TCPA.

15      Hilton moved to dismiss Plaintiffs' complaint on April 2, 2012.  Plaintiffs opposed on May

16  3, 2012, and Hilton replied on May 10, 2012.

17                         **LEGAL STANDARD**

18      Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

19  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

20  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

21  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

22  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

23  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

24  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

25  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's

26  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

27  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,

28  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*  Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Hilton brings its motion to dismiss on several bases: (1) individualized determinations of putative class members' prior express consent predominate any issues common to the class members, and therefore class certification is not warranted under Federal Rule of Civil Procedure 23; (2) the named Plaintiffs lack standing because they consented to receive the subject telephone

calls; (3) class certification is inappropriate because class action is not the superior method to litigate this action in light of the request for aggregated statutory penalties; (4) the proposed class definition constitutes an impermissible "fail-safe" class; and (5) the TCPA claim fails because Plaintiffs have not alleged that the telephone calls were randomly generated by an automatic telephone dialing system.  (MTD 1–2, ECF No. 6)  In the alternative, Hilton requests that summary judgment be entered in its favor because "irrefutable facts establish that each Plaintiff affirmatively offered his/her express consent to receive the calls in question . . . ."  (*Id.* at 2)

**1.  Motion to Dismiss for Failure to Satisfy Rule 23 Prerequisites for Class Action**

Several of the bases for dismissal raised by Hilton—namely, items 1, 3, and 4 from above—concern the propriety of Plaintiffs' class action allegations.  To the extent that Hilton seeks to "resolve class claims at the pleading stage," (MTD 7, ECF No. 6), however, its motion is improperly brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  *McDonald v. Gen. Mills, Inc.*, 387 F. Supp. 24, 38 (E.D. Cal. 1974) ("Compliance with [Rule] 23 . . . is not properly tested by a motion to dismiss for failure to state a claim.") (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969) ("[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim . . . .")); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1798 (3d ed. 2005) ("Compliance with Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary-judgment motion.").  Rule 23 is the better vehicle to test the propriety of class certification.[1]  *See Vincole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification.").  Accordingly, the Court **DENIES** Hilton's motion to dismiss for failure to satisfy the Rule 23 prerequisites for class action certification.

//

//

---

[1] The Court further notes the early stage at which Hilton has brought this motion, just one month after the case was first filed and before any discovery has taken place.  Even if Hilton had properly brought its motion pursuant to Rule 23, courts rarely dispose of class actions at the pleading stage before discovery has commenced.  *See In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (citing cases).

**2. Motion to Dismiss for Lack of Standing**

Hilton also moves to dismiss the complaint on the basis that the named Plaintiffs lack standing because each "consented to receive the subject calls by giving the Hilton family his/her cellular telephone numbers."  (MTD 13, ECF No. 6)  Whether Plaintiffs gave the required prior express consent is an affirmative defense to be raised and proved by a TCPA defendant, however, and is not an element of Plaintiffs' TCPA claim.  *See* 23 F.C.C.R. 559, 565 (Dec. 28, 2007) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent."); *Ryabyshchuk v. Citibank (South Dakota) NA*, 2011 U.S. Dist. LEXIS 136506, at *14–15 (S.D. Cal. Nov. 28, 2011) (Gonzalez, C.J.) ("[T]he FCC recognized the heavy burden a consumer might face in trying to prove that he *did not* provide prior express consent."); *Gutierrez v. Barclays Grp.*, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011).  Thus, Plaintiffs' complaint need not allege the absence of consent, and "[a]ccordingly, a motion for summary judgment—rather than a motion to dismiss—is the proper place for the [defendant] to establish that the [Plaintiffs'] claim fails due to the presence of prior express consent." *Ryabyshchuk*, 2011 U.S. Dist. LEXIS 136506, at *14–15.  Hilton's motion to dismiss on this basis is therefore **DENIED**.

To the extent that Hilton's motion is one, in the alternative, for summary judgment, it is also **DENIED**.  At this early stage, the Court finds that there is a genuine issue of material fact whether Plaintiffs gave prior express consent.  Hilton asserts that there is no genuine issue whether Plaintiffs expressly consented to receive the subject calls because "all three Plaintiffs affirmatively registered their cellular telephone numbers with the Hilton family, either in applying for the HHonors Program or while booking reservations to stay at a Hilton family property."  (MTD 4, ECF No. 6)

Regarding the HHonors Program, even assuming that Plaintiffs' acceptance of the terms as set forth in the HHonors Program application would suffice as "prior express consent" under the TCPA—a question that the Court does not reach in deciding the instant motion—Hilton has presented no evidence that Connelly or Sikes actually signed and submitted an enrollment

application.[2]  As such, there is no evidence that either Connelly or Sikes indeed gave their prior express consent for the calls.

Regarding the booking of reservations, Hilton has failed to explain how the mere registration of a cellular telephone number at the time of booking a hotel reservation constitutes prior express consent for the telephone calls at issue here.  "Express consent is '[c]onsent that is clearly and unmistakably stated.'"  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) (quoting Black's Law Dictionary 323 (8th ed. 2004)).  Unlike the HHonors Program application, Hilton points to no evidence that in booking a hotel reservation Merritt agreed to Hilton's terms and conditions, including the possibility that contact information might be used to make special offers or promotions by telephone.  Without more, the Court cannot conclude that one who provides a contact telephone number in booking a hotel reservation is "clearly and unmistakably" consenting to receive promotional calls.  *Id.*

For these reasons, Hilton's motion in the alternative for summary judgment is **DENIED**.

**3.  Motion to Dismiss for Failure to State a Claim**

Finally, Hilton moves to dismiss the complaint for failure to state a claim, asserting that Plaintiffs have insufficiently alleged that the telephone calls were randomly generated by an automatic telephone dialing system.  (MTD 17–18, ECF No. 6)  The TCPA prohibits persons from making calls using an "automatic telephone dialing system," 47 U.S.C. § 227(b)(1)(A)(iii), which is defined as "equipment which has the capacity– (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers," *id.* § 227(a)(1).

According to Hilton, "Plaintiffs' Complaint provides little information beyond the unsupported conclusion that 'Hilton Grant Vacations used an 'automatic telephone dialing [system]' as prohibited by [the TCPA].'"  (MTD 18, ECF No. 6 (quoting (Compl. ¶ 13, ECF No. 1)))  Although this allegation by itself might be insufficient, Plaintiffs supplement it with

_____

[2] Further, the Court notes that Hilton has provided no evidence that the version of the HHonors Program application attached as Exhibit A to David Gust's declaration in support of the instant motion is the same version that was in place at the time Plaintiffs Connelly and Sikes registered for the program.  (Decl. of David Gust ISO MTD ("Gust Decl.") Ex. A, ECF No. 6-2)

allegations that support a reasonable inference that Hilton used an automatic system. *Knutson v. Reply!, Inc.*, 2011 U.S. Dist. LEXIS 7887, at *5 (S.D. Cal. Jan. 26, 2011) (citing *Kramer v. Autobytel, Inc.*, 2010 U.S. Dist. LEXIS 137257, at *13 (N.D. Cal. Dec. 29, 2010)) ("While it may be difficult for a plaintiff to know the type of calling system used without the benefit of discovery, the court [may] rel[y] on allegations about the call to infer the use of an automatic system."). Here, Plaintiffs allege that "[t]he calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone), indicating that Hilton Grant Vacations placed the calls using an automatic telephone dialing system." (Compl. ¶ 13, ECF No. 1)  The Court finds that these allegations "allow[] the court to infer the calls were randomly generated or impersonal." *Id.* at *6.

Hilton further argues that because "Hilton only called persons with a Hilton family account and existing or prior relationship with Hilton," this "necessarily defeats any claim that the marketing calls were made via a 'random or sequential number generator.'"  (MTD 18, ECF No. 6)  Although Plaintiffs do not directly address this argument in their opposition brief, the Court finds that dismissal of the complaint on this basis is not warranted.  "When evaluating the issue of whether equipment is an [automatic telephone dialing system], the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Satterfield*, 569 F.3d at 951 (quoting 47 U.S.C. § 227(a)(1)).  Even accepting Hilton's assertion that its marketing calls were made only to persons within the "Hilton family," and that therefore the calls were made from an existing list of telephone numbers rather than via a random or sequential number generator, Hilton "has not adequately demonstrated that this would absolve them of liability under the statute, given that such a machine could arguably be said to 'store . . . telephone numbers to be called, using a random or sequential number generator.'" *In re Jiffy Lube Int'l, Inc.*, 2012 U.S. Dist. LEXIS 31926, at *18–19 n.8 (S.D. Cal. Mar. 8, 2012).  Indeed, Hilton's argument on this point is limited to a single sentence, with no citing authority.

Thus, the Court finds that Plaintiffs have adequately alleged the use of an automatic telephone dialing system, and Hilton's motion on this basis is **DENIED**.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Hilton's motion in its entirety.

**IT IS SO ORDERED**.

DATED:  June 11, 2012

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge