UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CONNELLY, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILTON GRAND VACATIONS COMPANY, LLC,<br><br>Defendant. | Case No.: 12-CV-599-JLS (KSC)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO VACATE ORDER DISMISSING CLAIMS WITH PREJUDICE**<br><br>(ECF No. 91) |

Presently before the Court is Plaintiffs' Motion to Vacate Order Dismissing Claims With Prejudice ("MTN," ECF No. 91). Also before the Court is Defendant's Opposition to the Motion ("Opp'n," ECF No. 92) and Plaintiffs' Reply in Support of the Motion ("Reply," ECF No. 95). After considering the Parties' arguments and the law, the Court **GRANTS** Plaintiffs' Motion.

## BACKGROUND

On March 9, 2012, Plaintiffs filed a putative class action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"). (*See generally* "Compl.," ECF No. 1.) Plaintiffs then moved for class certification, which the Court denied. (ECF

1

No. 68.) Plaintiffs petitioned permission for interlocutory review of that order pursuant to Federal Rule of Civil Procedure 23(f), and the Ninth Circuit denied the petition. (MTN 2[1]; *see also* ECF No. 72.)

On March 4, 2014, the Parties stipulated to dismiss Plaintiffs' claims with prejudice in order for Plaintiffs "to appeal the Court's order denying class certification." ("Stip.," ECF No. 82, at 2 (citing *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061 (9th Cir. 2014).) At the time the Parties entered into the stipulation, *Berger* held "a dismissal of an action with prejudice, even when such dismissal is the product of a stipulation, is a sufficiently adverse—and thus appealable—final decision." 741 F.3d at 1065. In the stipulation, the Parties agreed:

> "If the order denying certification is affirmed, Plaintiffs will take nothing by way of their Complaint. If the order denying certification is reversed or the Ninth Circuit orders that a class or subclasses be certified or that an amended or renewed motion for class certification be pursued, the Parties agree that they will continue litigating this action from the same procedural stand point and factual record in place at the time of the appeal, subject to the direction by the Ninth Circuit."

(Stip. 2.)

The Court granted the Parties' stipulation and dismissed the action with prejudice. (ECF No. 83.) Plaintiffs filed a notice of appeal, and the Parties argued their case in front of the Ninth Circuit. *See Connelly v. Hilton Grand Vacations Co.*, 693 F. App'x 669 (9th Cir. 2014). While the Parties' case was pending, the Supreme Court issued its opinion in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), which abrogated *Berger*, and held "[p]laintiffs in putative class actions cannot transform a tentative interlocutory order . . . into a final judgment within the meaning of § 1291 simply by dismissing their claims with prejudice." *Id.* at 1715. The Ninth Circuit then dismissed Plaintiffs' appeal for lack of appellate jurisdiction and Plaintiffs filed the present Motion with this Court.

///

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

# LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] voluntary dismissal . . . is a judgment, order or proceeding from which Rule 60(b) relief can be granted." *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995).

An "intervening change in the controlling law" can provide a basis for granting a Rule 60(b) motion. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "The proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to evaluate the circumstances surrounding the specific motion before the court." *Phelps v. Alameida*, 549 F.3d 1120, 1133 (9th Cir. 2009). Courts must make a "case-by-case inquiry" based on balancing "numerous factors" when deciding whether to grant a Rule 60(b)(6) motion. *Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). "[A] change in the law will not always provide the truly extraordinary circumstances necessary to reopen a case[,]" and "something more than a 'mere' change in the law is necessary." *Phelps*, 569 F.3d at 1133 (quotation marks omitted).

When making this determination, courts should consider six factors: (1) the change in the law; (2) the petitioner's exercise of diligence in pursuing his claim for relief; (3) whether reopening the case would upset the parties' reliance interest in the finality of the case; (4) the extent of the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) the relative closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law; and (6) concerns of comity. *Eubank v. Terminix Int'l, Inc.*, No. 15cv00145-WQH (JMA), 2016 WL 6277422, at *3 (S.D. Cal. Oct. 27, 2016) (*citing Jones*, 733 F.3d at 839–40).

/ / /

/ / /

# ANALYSIS

The Court analyzes these six factors to determine whether it is proper to vacate its prior order dismissing the case.

## I. The Change in the Law

Under this factor, courts consider the nature of the intervening change in the law. *Lopez v. Ryan*, 678 F.3d 1131, 1135 (9th Cir. 2012). The Parties do not disagree that a change in the law occurred here, as the Supreme Court's decision in *Microsoft* clearly abrogated *Berger*. (MTN 6; Opp'n 7.) But, Defendant argues *Microsoft* resolved a circuit split so it does not constitute extraordinary circumstances to justify vacating a district court order. (Opp'n 7 (citing *Microsoft*, 137 S. Ct. at 1712 ("We granted certiorari to resolve a Circuit conflict over this question: Do federal courts of appeals have jurisdiction under § 1291 and Article III of the Constitution to review an order denying class certification . . . after the named plaintiffs have voluntarily dismissed their claims with prejudice?").) Plaintiffs argues the change in law is sufficient to justify relief. (Reply 7–13.)

Various courts have analyzed intervening changes in the law as it relates to Rule 60(b)(6) motions. In *Phelps*, the district court denied the petitioner's habeas petition. 569 F.3d at 1127. Subsequently, the Ninth Circuit issued an opinion which made it clear that petitioner's arguments (which the district court had rejected) were legally correct. *Id.* Petitioner filed a Rule 60(b)(6) motion, which the district court denied. *Id.* On appeal, the Ninth Circuit reversed. In looking at the first factor, the Ninth Circuit found the change in the law due to the intervening Ninth Circuit case "did not upset or overturn a settled legal principle" because at the time the petitioner's case was being litigated in the district court, "the law in [the Ninth] circuit was decidedly *un*settled." *Id.* at 1136. Thus, the court held that the first factor weighed against granting the petitioner Rule 60(b)(6) relief because "[t]he law regarding the core disputed issue in [the petitioner's] case did not become settled until fifteen months after his appeal became final, at which point it was clear" that the law

had materially changed.[2] *Id.* In contrast, in *Lopez*, the law was settled per Supreme Court authority at the time the original judgment was made, but subsequently, the Supreme Court recognized a narrow exception in the law, and the petitioner filed for Rule 60(b)(6) relief due to the intervening change in the law. *Lopez*, 678 F.3d at 1134, 1136. In evaluating the first factor, the *Lopez* court distinguished *Gonzalez v. Crosby*, 545 U.S. 524 (2005), where the Supreme Court held it was "hardly extraordinary," when the case was decided under the then-prevailing authority in the Eleventh Circuit, the Supreme Court rejected the Eleventh Circuit's interpretation after petitioner's case was no longer pending. *See Lopez*, 678 F.3d at 1131, 1136 ("Unlike the 'hardly extraordinary' development of the Supreme Court resolving an existing circuit split, *Gonzalez,* 545 U.S. at 536," [the change in intervening law here] constitutes a remarkable—if 'limited,' development in the Court's equitable jurisprudence."). The *Lopez* court held the factor weighed slightly in favor of granting plaintiff relief. *Id.* at 1136.

Here, this Court dismissed this action, which the Parties had requested due to the then-prevailing Ninth Circuit authority. At the time, the law was settled in the Ninth Circuit (but not nationwide), and the Parties relied on this, making a choice to dismiss the case. This situation is similar to the "hardly extraordinary" resolution of a circuit split by the Supreme Court in *Gonzalez*. *Cf. Lopez* (where the law was settled nationwide but a narrow exception was recognized, this weighed in favor of granting 60(b) relief); *Phelps,* 569 F.3d at 2009 (where the law was unsettled in the circuit at the time of petitioner's case, this weighed against granting 60(b) relief). But the Court also must consider the timing of the change in the law. *See Gonzalez*, 545 U.S. at 536 (noting the change in the law occurred after petitioner's case was no longer pending). *Microsoft* abrogated *Berger* while the Parties' case was pending in front of the Ninth Circuit and long after they relied on *Berger*

---

[2] Similarly, in *Eubank,* there was no "prevailing interpretation" of the issue at hand and the law was unsettled when the original order was made. The plaintiffs filed for Rule 60(b) relief due to the change in the law that the court had relied on when dismissing plaintiffs' claims. After evaluating the circumstances, the court found the first factor weighed in favor of granting 60(b) relief. 2016 WL 6277422, at *5.

5

to stipulate to dismiss their case.[3] Given the foregoing, the Court finds this factor weighs slightly against granting Rule 60(b) relief.

## II. Plaintiff's Exercise of Diligence in Pursuing Its Claim for Relief

Under the second factor, courts considers the plaintiff's "exercise of diligence in pursuing his claim for relief." *Jones*, 733 F.3d at 839. This factor looks at the diligence in pursuing review of the issue after the intervening change in the law. *Gonzalez*, 545 U.S. at 537. Defendant does not dispute that Plaintiffs exercised diligence in pursuing their Rule 60(b) motion. (Opp'n 9.) This factor therefore weighs in favor of granting Rule 60(b) relief.

## III. Whether Reopening the Case Would Upset the Parties' Reliance Interest in the Finality of the Case

Under the third factor, courts consider the parties' interest in finality. *Jones*, 733 F.3d at 839. This factor asks whether granting relief under Rule 60(b) would "'undo the past, executed effects of the judgment,' thereby disturbing the parties' reliance interest in the finality of the case." *Phelps*, 569 F.3d at 1137 (quoting *Ritter v. Smith*, 811 F.2d 1398, 1402 (11th Cir.1987)).

The Parties agree that the outcomes in their stipulation did not occur (i.e., either the Ninth Circuit affirms this Court's Order denying certification, or the Ninth Circuit reverses the Order or orders that a class be certified). (Opp'n 11; Reply 14 (citing Stip. 2).) Instead, the Ninth Circuit dismissed the appeal for lack of jurisdiction after a change in the law, a scenario not codified in the stipulation. Plaintiffs argue the stipulation proves the Parties had no interest in finality and had agreed to continue to litigate this case should Plaintiffs succeed on appeal. (Reply 15.) Defendant argues the Parties did in fact exhibit a strong interest in finality by dismissing this action with prejudice, and the Parties did not agree that the case could be revived to proceed with Plaintiffs' individual claims. (Opp'n 10

---

[3] The Parties stipulated to dismiss the case on March 4, 2014, and the Supreme Court did not grant certiorari in *Microsoft* until January 15, 2016. *Microsoft* was decided on June 12, 2017.

6

(citing Stip. 2 ("If the order denying certification is affirmed, Plaintiffs will take nothing by way of their Complaint.")).))

Although the Parties dismissed their case with prejudice in this Court, neither party thought they were done with this case in its entirety as there is no question Plaintiffs would appeal the decision. Further, if Plaintiffs succeeded on appeal, the Parties agreed to "continue litigating this action." (Stip. 2.) But, as Defendants argue, the Parties did not contemplate the current situation, and Defendants had an interest in the finality of Plaintiffs' right to pursue their case on an individual basis.[4] Thus, because both Parties present strong arguments, the Court finds this factor is neutral.

## IV. The Extent of the Delay Between the Finality of the Judgment and the Motion for Rule 60(b)(6) Relief

Under the fourth factor, courts "examine[] the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief." *Jones*, 733 F.3d at 840 (citation omitted). "This factor represents the simple principle that a change in the law should not indefinitely render preexisting judgments subject to potential challenge" and examines whether a petitioner seeking to have a new legal rule applied to an otherwise final case has petitioned the court for reconsideration "with a degree of promptness that respects the strong public interest in timeliness and finality." *Phelps*, 569 F.3d at 1138 (internal quotation omitted).

Defendant argues the case was dismissed with prejudice on March 6, 2014, over three years ago, and this should not be disturbed. (Opp'n 12.) Plaintiffs argue they filed their Rule 60(b) motion only six days after the Ninth Circuit's decision and there is

---

[4] It is unclear to the Court where Plaintiffs intend to take this case should the Court grant the Motion to Vacate. Plaintiffs state they "now stand to lose their due process right to appeal" their case because of the change in the law. (Reply 8.) Defendant argues Plaintiffs "gave up their right to pursue the case on an individual basis to litigate through final judgment and potential appeal of the class certification order at that time." (Opp'n 10.) Although it seems the Parties will likely disagree as to how this case may proceed after this Order based on the case's procedural posture and the wording of the stipulation, this future disagreement is not considered by the six factors at hand.

7

therefore no delay. (MTN 8.) This factor looks to the time between the finality of the judgment and the 60(b) motion. *See Ritter*, 811 F.2d at 1402 ("The longer the delay the more intrusive is the effort to upset the finality of the judgment."). The final judgment occurred over three years ago, but Plaintiffs filed their Rule 60(b) motion promptly after the Ninth Circuit dismissed the appeal. The Court finds there is no unreasonable length of time between the final judgment and the Rule 60(b) motion, and any delay was not the fault of Plaintiffs. Thus, this factor weighs in favor of granting Rule 60(b) relief.

## V. The Relative Closeness of the Relationship Between the Decision Resulting in the Original Judgment and the Subsequent Decision That Represents a Change in the Law

Under the fifth factor, courts consider "the degree of connection between" the two cases at issue—"the decision embodying the original judgment and the subsequent decision embodying the change in the law." *Lopez*, 678 F.3d at 1137; *Phelps*, 569 F.3d at 1138–39. This factor "is designed to recognize that the law is regularly evolving." *Phelps*, 569 F.3d at 1139. The mere fact that "tradition, legal rules, and principles inevitably shift and evolve over time . . . cannot upset all final judgments that have predated any specific change in the law." *Id.* Accordingly, courts should examine whether there is a "close connection" between the original and intervening decision at issue in a Rule 60(b)(6) motion. *Id.*

Plaintiff argues *Microsoft* greatly affected Plaintiffs' case because Plaintiffs had relied on Ninth Circuit precedent when dismissing their case with prejudice, so Plaintiffs' case and *Microsoft* are closely related. (MTN 8–9.) Defendant argues nothing in *Microsoft* stands for the proposition that the dismissal of this case is invalid or should be overturned. (Opp'n 12.)

In *Microsoft*, the district court struck the plaintiffs' class allegations. The plaintiffs then dismissed their case with prejudice, which the district court granted, and the plaintiffs appealed the district court's order striking their class allegations. 137 S. Ct. at 1711. The appeal eventually went before the Supreme Court, which held plaintiffs could not "transform a tentative interlocutory order . . . into a final judgment within the meaning of

8

12-CV-599-JLS (KSC)

§ 1291 simply by dismissing their claims with prejudice." *Id.* at 1715. The Court finds the facts of *Microsoft* and the facts of this case are similar. Further, as mentioned above, Plaintiffs chose to dismiss their case pursuant to *Berger*, which was abrogated by *Microsoft*. Thus, the Court finds a close connection between Plaintiffs' underlying case and *Microsoft*. This factor weighs in favor of granting Rule 60(b) relief.

## VI. Concerns of Comity

Under the sixth factor, courts consider concerns regarding comity. "[T]he need for comity between the independently sovereign state and federal judiciaries is an important consideration, as is the duty of federal courts to ensure that federal rights are fully protected." *Phelps*, 569 F.3d at 1139. The court in *Phelps* applied this factor in the context of a habeas petition, but also identified "a central purpose of Rule 60(b) is to correct erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petitioner's constitutional claims from ever being heard." *Id.* at 1140. Applying this factor outside the habeas context, the district court in *Eubank* found this factor weighed in favor of granting Rule 60(b)(6) relief because, if the court did not vacate its judgment, the plaintiffs would be barred from bringing their representative action due to the court's dismissal of their action based on the prevailing law at the time. 2016 WL 6277422, at *6.

Plaintiffs argue if the Court denies 60(b) relief, they will lose their ability to have their case heard because they relied on *Berger* in dismissing their case. (MTN 9.) Defendant argues although it is true Plaintiffs will no longer have the ability to appeal this Court's class certification order, this does not offend principals of comity. (Opp'n 13.) The Court finds there was no "erroneous legal judgment" to be "corrected" here, as the Parties chose to dismiss the case. This is distinguishable from *Eubank*, where the court dismissed the plaintiffs' claims based on prevailing law, but then allowed Rule 60(b) relief based on a change in the law. 2016 WL 6277422, at *6. Although the subsequent change in the law is unfortunately timed from Plaintiffs' perspective, the conscious choice cannot be ignored. *See United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, No. 08-CV-1673-H (KSC), 2012 WL 1229885, at *12 (S.D. Cal. Apr. 12, 2012) ("Courts generally

9

decline to grant Rule 60(b) relief when the mistake alleged resulted from the moving party's deliberate and counseled decision. There is usually no basis for relief under Federal Rule of Civil Procedure 60(b)(6) when adverse consequences are the result of a party's 'free, calculated, and deliberate' trial strategy. An improvident trial decision should not be corrected after the fact by seeking relief under Rule 60(b)(6)." (internal citations omitted)). Therefore, the Court finds this factor weights against granting 60(b) relief.

## CONCLUSION

Evaluating all of the circumstances of this case, the Court in its discretion concludes that the circumstances are extraordinary under the law and that relief pursuant to Rule 60(b)(6) is justified. For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion (ECF No. 91) and **VACATES** its Order Dismissing the Action with Prejudice (ECF No. 83).

**IT IS SO ORDERED.**

Dated: November 9, 2017

Hon. Janis L. Sammartino
United States District Judge